UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARTHUR D. SMART,

        Petitioner,

v.

RAYMOND BOOKER,

        Respondent.

_____/

CASE NO. 03-CV-70308-DT
HONORABLE PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE
HONORABLE VIRGINIA A. MORGAN
UNITED STATES MAGISTRATE JUDGE

**Respondent's Answer in Opposition to Petition for Writ of Habeas Corpus**

**Statement of the Case**

Following a jury trial, Petitioner was convicted of second-degree murder, M.C.L. 750.317, assault with intent to commit murder, M.C.L. 750.83, and possession of a firearm during the commission of a felony, M.C.L. 750.227b. Petitioner was sentenced to serve concurrent terms of 20 to 40 years imprisonment for his murder and assault convictions, to be preceded by the mandatory two-year sentence for felony firearm.

Petitioner thereafter filed his claim of appeal in the Michigan Court of Appeals raising the following issues:

I.      Were the jury verdicts of guilty of second degree murder, assault with intent to murder, and felony firearm against the great weight of the evidence?

II.     Did the trial court err reversibly in allowing evidence, pursuant to MRE 404(b), of a second shooting incident, which was extrinsic to the crime charged, and was so prejudicial tot ch defendant and lacking in probative value, as to deny him a fair trial, thereby depriving him of due process?

III.     Did reversible error occur where the defendant was prevented from presenting a defense, where the defense strategy was directed to exposing the bias and motivation of the key witnesses in changing their story regarding the identification of the defendant, and where the trial judge narrowly limited defense counsel's presentation of the defense under threat of financial penalty and contempt?

On June 19, 2001, the Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion (*People v. Smart*, Michigan Court of Appeals no. 214712).  Petitioner's subsequent application for leave to appeal in the Michigan Supreme Court was denied (*People v. Smart*, Michigan Supreme Court no. 119736).

Petitioner has now commenced this cause, pursuant to 28 U.S.C. sec. 2254, by filing his present habeas petition challenging his conviction on the same grounds as above.

Respondent now answers the petition and requests that it be denied for the reasons stated below.

## Statement of Facts

In its opinion affirming Petitioner's conviction, the Michigan Court of Appeals set forth the following facts underlying Petitioner's conviction:

This case arises from the early morning shooting death of Jermaine Webb on December 8, 1996. According to testimony at trial, at approximately 4:15 a.m., Webb and a passenger, Darius Vaughn, were stopped at an intersection in the city of Detroit when they were fired upon by two men who had been traveling along side Webb's vehicle in a green Jeep Cherokee. Vaughn, who was able to escape from the vehicle during the shooting and flee to the nearby home of Michael Walker, testified that he had recognized defendant, whom he had known for several years, as one of the two gunmen who had left the Jeep and fired a rifle at Webb's vehicle. Vaughn further testified, however, that although he similarly recognized Kenneth Tucker as the driver of the Jeep, and Gary Jackson as the second gunman, he did not relay this information to police on the day of the shooting because he feared for his life.[1] In fact, it was not until February 11, 1998, when police contact Vaughn for additional questioning, that he affirmatively identified the three occupants of the Jeep on the night of the shooting.

Defendant, Jackson, and Tucker were thereafter each charged with first-degree murder and assault with intent to commit murder. Defendant and Jackson, who were also charged with felony-firearm, were tried before the same jury and ultimately convicted of second-degree murder, assault with intent to commit murder, and felony-firearm. Tucker, although jointly tried with defendant and Jackson, was tried before the bench and acquitted of all charges.

---

[1]Vaughn did, however, inform plice at that time that he believed the Jeep belonged to Tucker, and that "only Ken Tucker drives his truck." [*People v. Smart, supra* at 1-2]

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA) altered the standard of review that federal courts must apply when reviewing applications for a writ of habeas corpus.  The AEDPA applies to all habeas petitions filed after the effective date of the act, April 24, 1996.  Because Petitioner's application was filed after April 24, 1996, the provisions of the AEDPA, including the amended standard, apply to this case.

As amended, 28 U.S.C. § 2254(d) imposes the following standard of review that a federal court must utilize when reviewing applications for a writ of habeas corpus:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Under 28 U.S.C. § 2254(d)(1), the writ may issue only if one of two conditions is satisfied-- the state court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application . . . of clearly established Federal law, as determined by the Supreme Court of the United States."  Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the

Supreme Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decision but unreasonably applies that principle to the facts of the prisoner's case. In *Williams v. Taylor*, 529 U.S. 362, 411 (2000), Justice O'Connor noted that in § 2254(d)(1),

> . . . Congress specifically used the word "unreasonable," and not a term like "erroneous" or "incorrect." Under §2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable. . . .

A federal court's review is similarly deferential where the state court has based its denial of relief on factual findings. In addition to the necessity of showing that the state courts' decision was based on an "unreasonable determination of the facts in light of the evidence presented" under § 2254(d)(2), a habeas petitioner is also subject to § 2254(e)(1), which states:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Where a state court decides a constitutional issue by form order or without extended discussion, a habeas court should focus on the result of the state court's decision, applying the deferential standard articulated above. *Harris v. Stovall*, 212 F.3d 940, FN 1 (6th Cir. 2000).

Clearly, a petitioner for habeas relief under the new amendments has a heavy burden where the state court has considered and rejected his claims. Because Petitioner in this case has failed to meet his burden, Respondent requests that this Court deny him relief.

**Argument**

I.     **Petitioner's claim regarding the admission of similar acts is noncognizable or, in the alternative, unexhausted.**

Petitioner claims that the trial court erroneously admitted testimony regarding his involvement in a second shooting which occurred only a short time after the attack upon Webb and Vaughn. Specifically, Ricardo Mitchell was permitted to testify that approximately 25 minutes after the shooting at issue in this case, he and his friend James Davis were about to enter Davis' vehicle when Tucker pulled alongside them in his green Jeep Cherokee. According to Mitchell, Tucker remained behind the wheel as Petitioner and Jackson, both of whom he had known for years, left the Jeep and fired at him with rifles.

Petitioner's challenge to the above testimony is based solely upon the state court's application of M.R.E. 404(b). It is well-established that state court rulings on the admission or exclusion of evidence may not be challenged in a federal habeas proceedings unless they infringe upon specific constitutional rights or are so prejudicial as to render the trial fundamentally unfair. *Estelle v. McGuire*, 502 U.S. 62 (1991). This court is bound by the state court's conclusion on the admissibility of the challenged evidence under state law, *Missouri v. Hunter*, 459 U.S. 359, 368 (1983); *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975), and it may not grant habeas relief on the perceived error of state law. Thus, any claim that the trial court erred under M.R.E. 404(b) is noncognizable and Petitioner is not entitled to review of the claim.

Further, to the extent that this Court determines that Petitioner has presented a federal due process claim, the claim is unexhausted. A review of Petitioner's briefs to the state courts reveals that Petitioner raised the claim solely under state law. Despite a conclusory reference to due process, Petitioner relied solely upon state law. Petitioner's briefs are devoid of any

constitutional analysis or cases employing such.[1]  In order to properly exhaust a claim, a habeas

petitioner must fairly apprise the state courts of the federal constitutional nature of his claim.

*Franklin v. Rose*, 811 F.2d 322, 325-326 (6th Cir. 1987); *Prather v. Rees*, 822 F.2d 1418, 1421

(6th Cir. 1987).  Reliance on generalized, catch-all phrases alleging a violation under the United

States Constitution is not sufficient to implicate a constitutional theory to the state court,

especially where the legal theory presented to the state court is predicated upon state law,

*Franklin, supra.*

Thus, in the present case, any due process claim that Petitioner now raises on habeas

review is unexhausted and the entire petition should be dismissed without prejudice.  *See Rust v.*

*Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  However, since the claim is meritless, it should be

dismissed on that basis.  Recently the Sixth Circuit specifically rejected the notion that a 404(b)

violation could form the basis for habeas relief.  *Bugh v. Mitchell 2003* FED App. 0138P (6th

Cir. May 13, 2003)("There is no clearly established Supreme Court precedent which holds that a

state violates due process by permitting propensity evidence in the form of other bad acts

evidence.").  Accordingly, Petitioner is not entitled to habeas relief.

---

[1] Petitioner does cite one federal case in his brief to the Michigan Court of Appeals.  That case,
however, deals with the application of the Federal Rules of Evidence.  It does not employ a
constitutional analysis.

**II.    The Michigan Court of Appeals reasonably determined that Petitioner was not denied his constitutional right to present a defense and thus Petitioner is not entitled to habeas relief.**

The right to present a defense is found in both the Sixth Amendment and the Fourteenth Amendment's Due Process Clause. *See Wong v. Money*, 142 F.3d 313, 325 (6th Cir. 1998); *United States v. Torres*, 937 F.2d 1469, 1474 (9th Cir. 1991); *Allen v. Morris*, 845 F.2d 610, 615 n. 5 (6th Cir. 1988); *Rock v. Arkansas*, 483 U.S. 44 (1987). A defendant's right to present a defense, however, is not unlimited and is subject to reasonable restrictions, *Wong, supra* at 325, and may have to bow to accommodate other legitimate interests in the criminal trial process. *Torres, supra* (citing *Chambers v. Mississippi*, 410 U.S. 284 (1973); *Rock v. Arkansas*, 483 U.S. at 55. In particular, the accused must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence. *Id.* That is because states have a weighty interest in the orderly conduct of criminal trials thus justifying the imposition and enforcement of firm, although not inflexible, rules relating to the presentation of evidence. *Taylor v. Illinois*, 484 U.S. 400 (1988). As noted by the the Sixth Circuit in *Wong*:

> In *Scheffer*, the Court explained that evidentiary rules do not abridge the right of an accused to repeat a defense "so long as they are not 'arbitrary' or 'disproportionate to the purposes they are designed to serve.'" In addition, the Court pointed out that it has "found the exclusion of evidence to be unconstitutionally arbitrary or disproportionate only where it has infringed upon a weighty interest of the accused. [*Wong v. Money*, 142 F.3d at 325 (citations omitted)]

In the present case, Petitioner argues that the trial court erred in excluding evidence of Tucker's acquittal in the earlier trial concerning the shootings involving Mitchell and Davis. Petitioner argues that the exclusion of the evidence deprived him of the right to present a defense on the theory that following Tucker's acquittal, Vaughn, who was a friend of both Mitchell and

Davis, had a motive to ensure a conviction in the instant case by wrongfully identifying Petitioner as the shooter.

In the instant case, although Petitioner was prevented from introducing the fact of the acquittal, he seriously examined Vaughn regarding his initial failure to identify Petitioner as one of the shooters. Defense counsel also examined Petitioner on his close friendship with Mitchell and Davis and on the fact that more than one year passed before he specifically informed the police of Petitioner's identity. Although Vaughn responded that he delayed in informing the police because he was afraid of the defendants, defense counsel strongly attacked that testimony. Thus, Petitioner was able to present the theory that Vaughn was lying about Petitioner' identity because of his close friendship with Mitchell and Davis. Therefore, the exclusion of the acquittal, which surely would have introduced extraneous issues into the trial, did not deprive Petitioner of his right to attack Vaughn's credibility nor of his right to present a defense.

For the reasons stated above, the Michigan Court of Appeals' similar determination was not unreasonable and Petitioner is thus not entitled to habeas relief.

### III.    Petitioner's claim that his verdict was against the great weight of the evidence is not cognizable.

Petitioner contends that he is entitled to habeas relief because the verdict was against the great weight of the evidence.  However, a federal court lacks power to grant habeas corpus relief on the grounds that a state conviction is against the great weight of the evidence.  *See Thomas v. McLemore*, 2001 WL 561216, *5 (E.D. Mich. March 30, 2001)(citing *Yong v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985)).  The appropriate inquiry on federal habeas review is not whether the verdict went against the great weight of the evidence but whether sufficient evidence was presented to support the conviction, *id.*, and Petitioner has not presented such a claim. Accordingly, his claim is not cognizable and he is not entitled to habeas relief.

## Conclusion

For the reasons stated above, the petition should be denied.

Respectfully submitted,

MICHAEL A. COX
Attorney General

*Laura Moody*

Laura Moody (P51994)
Assistant Attorney General
Criminal Appellate Services Division
P.O. Box 30217
Lansing, Michigan 48909
(517) 373-4875

Dated:  July 18, 2003
2003005093A/Smart Answer